UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRIMINAL PRODUCTIONS, INC., | : | |
| Plaintiff, | : | |
| v. | : | No. 2:17-cv-3375 |
| REBECCA RODRIGUEZ, | : | |
| Defendant. | : | |

**O P I N I O N**
**Plaintiff's Motion for Default Judgment, ECF No. 8—Granted in Part**

**Joseph F. Leeson, Jr.**                                                    **June 6, 2018**
**United States District Judge**

      In this copyright infringement case involving online pirating of a movie, Plaintiff moves for a default judgment against Defendant Rebecca Rodriguez, whose default was entered on October 11, 2017, based on her failure to appear, plead, or defend. For the reasons expressed below, this Court grants Plaintiff's motion in part and denies it in part to the extent that it modifies Plaintiff's claim for damages.

    **A.  Service and Default**

      The Court finds that Plaintiff properly served Defendant with a copy of the Complaint on August 21, 2017. ECF No. 5. *See Sun Music Grp., Inc. v. TAJ Glob. Equities, Inc.*, No. CIV. A. 97-5071, 1997 WL 688822, at *1 (E.D. Pa. Oct. 17, 1997) ("In order to obtain a default judgment, a plaintiff must properly serve defendants in accordance with Federal and State Rules."). Federal Rule of Civil Procedure 4(e)(2)(B) allows for service of an individual defendant in a judicial district of the United States by leaving a copy of the summons and

complaint at "the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Plaintiff's proof of service states that Plaintiff's process server complied with this requirement. ECF No. 7-2.

Defendant has failed to appear, plead, or otherwise defend against Plaintiff's claims, and the Clerk of Court entered her default on October 11, 2017. Plaintiff has presented evidence that Defendant is not an infant, legally incompetent, or an active-duty member of the United States military. Declaration of Charles Thomas, Esquire ¶¶ 5-6, ECF No. 7-1. Accordingly, this Court deems Defendant to have admitted the factual averments made against her in Plaintiff's Complaint, and must determine whether Plaintiff has stated a cause of action against Defendant. *See Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 270-71 (E.D. Pa. 2014) (proper inquiry on default judgment is whether well-pleaded factual allegations establish a cause of action).

### B. Sufficiency of Allegations

Plaintiff brought a one-count Complaint against Defendant alleging direct copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§101 *et seq.*, which requires that Plaintiff establish (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work. *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). Plaintiff has met its burden through its pleadings, asserting that it owns the copyright to the movie *Criminal* and that Defendant used the BitTorrent peer-to-peer file sharing protocol to transmit an illegal copy of the movie to third parties. Compl. ¶¶ 5-6, 12. Plaintiff links Defendant to one of the IP addresses used to disseminate the illegal copy of *Criminal*. Compl. ¶¶ 11, 40. Therefore, Plaintiff has stated a cause of action for copyright infringement against Defendant. *See Malibu Media, LLC v.*

*Flanagan*, No. 2:13-CV-5890, 2014 WL 2957701, at *2 (E.D. Pa. July 1, 2014) (finding plaintiff entitled to default judgment on copyright infringement based on use of BitTorrent).

### C. Default Judgment

"It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Three factors control whether a court should grant default judgment: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). With respect to the first factor, the plaintiff suffers prejudice when denial of default judgment would "impair the plaintiff's ability to effectively pursue his or her claim." *Grove v. Rizzi*, 1857 S.P.A., No. 04–2053, 2013 WL 943283, at *2 (E.D. Pa. March 12, 2013). A defendant's failure to respond to the complaint, as here, creates a potentially indefinite delay that establishes prejudice to the plaintiff. *See Spring Valley Produce, Inc. v. Stea Bros.*, No. CIV.A. 15-193, 2015 WL 2365573, at *1 (E.D. Pa. May 18, 2015). Second, the Court may presume that an absent defendant who has failed to answer has no meritorious defense. *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271-72 (E.D. Pa. 2014). Third, the defendant's failure or refusal to participate in the litigation process without good reason may establish culpable conduct for purposes of default judgment. *See E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009). Accordingly, the three *Chamberlain* factors warrant default judgment in this case, and this Court enters judgment in favor of Plaintiff and against Defendant.

### D. Relief Requested

Plaintiff has requested statutory damages, injunctive relief, costs, and attorneys' fees. When copyright infringement is found, the copyright holder may elect to recover statutory damages against the infringer rather than recover actual damages. 17 U.S.C. § 504(a)(2). An award of statutory damages may be recovered between $750 and $30,000 for each infringement "as the court considers just." 17 U.S.C. § 504(c)(1). "However, when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages amount." *Malibu Media, LLC v. Flanagan*, No. 2:13-CV-5890, 2014 WL 2957701, at *3 (E.D. Pa. July 1, 2014) (citing *Arista Records, LLC v. Callie,* 2007 WL 1746252 (D.N.J. June 15, 2007); *D.C. Comics Inc., v. Mini Gift Shop,* 912 F.2d 29, 35, 37 (2d Cir. 1990)). The statutory damages analysis in a copyright action starts at the minimum, $750 per infringement, and it is up to the court to decide whether to increase that figure based on the Defendant's conduct. *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d at 788; *Broad. Music, Inc.*, 555 F.Supp.2d at 544 ("In determining the just amount of statutory damages, [t]he defendant's conduct is the most important factor.") (internal citations omitted).

Plaintiff requests statutory damages of $2,250, and contends that an award of three times the minimum is the "typical practice" of this district. However, in the case Plaintiff cites to show the "typical practice," the judge applied treble damages after a full trial on the merits. *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013). The court in *Flanagan*, awarding statutory damages after default judgment, observed that courts considering similar infringement actions based on online distribution of copyrighted material have found damages between $1,500 and $2,250 per infringing work reasonable. 2014 WL 2957701, at *4. The court concluded, though, that the plaintiff's requested amount of $2,250 per infringement

was "excessive" because the plaintiff did not plead that the defendant saved expenses or profited from its infringement. *Id.* In this case as well, Plaintiff has offered no allegations or evidence that Defendant profited from her infringement. Nor does Plaintiff suggest that Defendant was the original BitTorrent user who first made *Criminal* available to the public. *See Malibu Media, LLC v. Henry*, No. 2:14-CV-830, 2015 WL 4911112, at *2 (S.D. Ohio Aug. 18, 2015) (finding plaintiff's figure of $2,250 unjustified).  In fact, Defendant was only one participant in a group of BitTorrent users. *See Malibu Media, LLC v. Brenneman*, No. 3:13-CV-00332-PPS, 2013 WL 6560387, at *2 (N.D. Ind. Dec. 13, 2013) (finding $2,250 in damages excessive in default judgment case because defendant was "merely one participant in a group of users sharing bits and pieces" of copyrighted works). Therefore, this Court will follow *Flanagan* and award statutory damages in the amount of $1,500.[1]

Plaintiff also asks for an injunction ordering Defendant to: (1) destroy and delete all copies of *Criminal*; (2) destroy and delete all file sharing software; and (3) "cease all copyright infringement by whatever means." A plaintiff seeking a permanent injunction must demonstrate: (1) that the moving party has shown actual success on the merits; (2) that denial of injunctive relief will result in irreparable harm to the moving party; (3) that granting the permanent injunction will result in even greater harm to the defendant; and (4) that the injunction serves the public interest. *See Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

Plaintiff has shown a likelihood of success on the merits because it has obtained a default judgment against Defendant. It has shown that it will suffer irreparable harm without an injunction because it alleges that, although *Criminal* is available for lawful rental or purchase, it

---

[1]  Although Plaintiff's motion for a default judgment references "two instances" of infringement, Mot. 8, the Complaint asserts only a single infringement incident on January 15, 2017. Compl. ¶ 40. Therefore, this Court awards $1,500 for a single infringement.

is one of the most trafficked films in the BitTorrent network. Compl. ¶ 10. Any continued infringement by Defendant will result in further distribution of the work to unauthorized users. Granting an injunction will not harm Defendant, as it will only prevent her from continuing to infringe Plaintiff's copyright. Lastly, protecting copyright owners' rights against infringement serves the public interest. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work."). Therefore, this Court finds that Plaintiff is entitled to permanent injunctive relief. *See Flanagan*, 2014 WL 2957701, at *5.

Lastly, Plaintiff requests $2,470 in attorneys' fees and $525 for costs (consisting of the filing fee, service of process fee, and Defendant's cable provider's fee for responding to subpoenas). Plaintiff's counsel has submitted a declaration in support of these requests. ECF No. 8-3. A district court may at its discretion award fees and costs to a prevailing party in a copyright infringement suit. 17 U.S.C. § 505. Given that Defendant failed to appear or respond to this action and Plaintiff presents reasonable requests for costs and fees, Plaintiff's request is approved.

### E. Conclusion

For the aforementioned reasons, Plaintiff's Motion for Default Judgment is granted in part. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge
